## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES T. PICARELLA, JR.,** | : | **CIVIL NO. 1:19-CV-382** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 6th day of June, 2019, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), wherein petitioner Charles Picarella alleges that the Pennsylvania Board of Probation and Parole violated his constitutional rights when the Board denied parole (see id.), and upon further consideration of respondents' motion (Doc. 13) to dismiss wherein they contend that the instant claim is moot because Picarella is challenging a sentence with an expired maximum date of June 23, 2017, and in light of Picarella's admission that the challenged sentence became final more than one year ago (Doc. 1, at 14), and it being evident that Picarella has served the maximum term of this sentence as of June 23, 2017 (see Doc. 13, at 13, 18), which renders the petition moot, see Spencer v. Kemna, 523 U.S. 1 (1998) (dismissing the habeas petition as moot where petitioner challenged the failure to be released on parole and was subsequently released on parole); DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)) ("[A] petition for habeas

corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."); Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and, further, because Picarella has not asserted any collateral consequences that are the result of the prior denial of parole, see Spencer, 523 U.S. at 14-18 (petitioner's purported injuries in fact—that parole revocation could be used against him in future parole proceedings, to increase his sentence in future sentencing proceedings, to impeach him should he appear as a witness or litigant in a future judicial proceeding, or as a defendant in a future criminal proceeding—were insufficient to establish a collateral consequence), it is hereby ORDERED that:

1. Respondents' motion (Doc. 13) to dismiss is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania