# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES T. PICARELLA, JR.,** | : | CIVIL NO. 1:19-CV-382 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Charles Picarella ("Picarella") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Pennsylvania Board of Probation and Parole's (the "Board") denial of parole in a prior case which delayed commencement of the sentence he is currently serving. (Doc. 1). On June 6, 2019, the court dismissed the habeas petition as moot. (Doc. 17). Presently before the court is Picarella's motion for reconsideration of the June 6, 2019 order. (Doc. 19). For the reasons discussed below, the court will grant the motion for reconsideration.

## I. Background

On May 8, 2009, Picarella pled guilty to possession with intent to deliver a controlled substance in the Northumberland County Court of Common Pleas. (Doc. 13, at 13-15). On July 6, 2009, he was sentenced to a term of imprisonment of three months to five years. (Id.) This sentence had a minimum date of September 30,

2009, and a maximum date of June 23, 2017. (Id.) Picarella served the maximum term of this sentence as of June 23, 2017. (Id. at 13, 18).

On October 3, 2014, Picarella pled guilty to possession with intent to deliver, and criminal conspiracy to commit possession with intent to deliver a controlled substance in the Northumberland County Court of Common Pleas. (Id. at 7-11). On December 5, 2014, he was sentenced to a total aggregate term of imprisonment of ten to twenty years. (Id. at 7-11). Picarella is currently serving this sentence. This sentence has a minimum date of November 2, 2025, and a maximum date of November 2, 2035. (Id.)

Respondents previously filed a motion to dismiss the habeas petition as moot. (Doc. 14). Respondents argued that the habeas petition was moot because the maximum sentence date of the challenged sentence expired on June 23, 2017 and, therefore, Picarella was no longer serving the sentence challenged in the habeas petition. (Doc. 13). On June 6, 2019, the court granted respondents' motion to dismiss. (Doc. 17). Picarella subsequently filed a brief in opposition to respondents' motion to dismiss. (Doc. 18). Picarella argued that he suffered collateral consequences as a result of the denial of parole and, therefore, the habeas petition was not moot. (Id.) Specifically, Picarella asserted that the denial of parole in his former case delayed the start date of the sentence he is currently serving. (Id.)

On June 17, 2019, Picarella filed the instant motion for reconsideration. (Doc. 19).

## II. Legal Standard

A motion for reconsideration of a final order is generally considered a motion under Federal Rule of Civil Procedure 59(e). See Weist v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)); see also Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985) (holding that "[r]egardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)"). Motions for reconsideration serve primarily to correct manifest errors of law or fact in a prior decision of the court. See U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848 (3d Cir. 2014) (citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A court should grant reconsideration only if the moving party establishes: (1) newly available evidence; (2) "an intervening change in the controlling law;" or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." Id. at 848-49 (quoting Max's Seafood, 176 F.3d at 677).

A party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court or to advance stale arguments anew. See Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC, 73 F.Supp.3d 488, 491 (M.D. Pa. 2014), aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC, 809 F.3d 746 (3d Cir. 2016). Furthermore, motions for reconsideration should "not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. 2006) (citing McDowell Oil Servs., Inc. v. Interstate

3

Fire & Gas Co., 817 F.Supp. 538, 541 (M.D. Pa. 1993)); see Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). Reconsideration is an extraordinary remedy which should be "granted sparingly." Chesapeake Appalachia, 73 F.Supp.3d at 491; Tammac Corp., 2006 WL 529044, at *2.

## III. Discussion

To bring a petition for writ of habeas corpus under 28 U.S.C. § 2254, a petitioner must be "in custody" pursuant to the conviction under attack in the habeas proceeding. 28 U.S.C. § 2254(a). For purposes of 28 U.S.C. § 2254, the "in custody" determination is made as of the time the petition is filed. Carafas v. LaCallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

A petitioner who is serving consecutive sentences imposed by the same court is considered to be "in custody" for habeas purposes while he is serving any one of those sentences. Garlotte v. Fordice, 515 U.S. 39, 40-41, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995). Therefore, a petitioner may challenge a sentence that ran earlier in the series, and has expired, while he is serving a sentence later in the series. Id. at 41. The Third Circuit Court of Appeals held that where the petitioner has completed his sentence, but the fact of that sentence "might affect [the petitioner's] release date" for a different sentence that he is currently serving, the petitioner remains "in custody" and the petition is not moot. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Here, Picarella is challenging a sentence that was completed on June 23, 2017, prior to the date Picarella filed his habeas petition. Nevertheless, if the court were to direct the Board to parole him retroactively, he would be entitled to credit

4

for time served—which would apply to his current sentence. Indeed, Picarella could be entitled to an early release from his current sentence. Therefore, the habeas petition is not moot. The court finds that Picarella has set forth grounds warranting reconsideration of the prior court order.

## IV. Conclusion

For the reasons set forth above, the court will grant Picarella's motion for reconsideration of the June 6, 2019 order dismissing the habeas petition as moot.

A separate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: July 24, 2019