IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES T. PICARELLA, JR.,** : | **CIVIL ACTION NO. 1:19-CV-382** |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **JOHN WETZEL,** *et al.*, : | |
| : | |
| Respondents : | |

### MEMORANDUM

Petitioner Charles Picarella ("Picarella") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Pennsylvania Board of Probation and Parole's (the "Board") denial of reparole in a prior case which delayed commencement of the sentence he is currently serving. (Doc. 1). For the reasons discussed below, the court will deny the petition.

**I.  Factual & Procedural Background**

On May 8, 2009, Picarella pled guilty to possession with intent to deliver a controlled substance in the Northumberland County Court of Common Pleas, docketed at CP-49-CR-0000565-2008. (Doc. 36-1 at 2-5). On July 6, 2009, he was sentenced to a term of imprisonment of three (3) months to five (5) years. (Id.) This sentence had a minimum date of September 30, 2009, and an original maximum date of July 30, 2014. (Id.)

On June 7, 2010, the Board released Picarella on parole. (Id. at 7-11).

On March 7, 2011, the Board recommitted Picarella as a technical parole violator to serve six (6) months backtime for failing to refrain from assaultive

behavior. (Id. at 13-14). On September 18, 2011, the Board released Picarella on reparole. (Id. at 16-19).

On February 13, 2013, the Board recommitted Picarella as a technical parole violator to serve fifteen (15) months backtime for possession of drugs and failing to refrain from possessing drug paraphernalia. (Id. at 21-22).

In May of 2013, Picarella was charged with one count of persons not to possess a firearm and numerous counts of possession with intent to deliver a controlled substance, and related drug offenses, in the Northumberland County Court of Common Pleas, docketed at CP-49-CR-0000472-2013. See Commonwealth v. Picarella, https://ujsportal.pacourts.us, electronic docket number CP-49-CR-0000472-2013 (Pa. Ct. Com. Pl. Northumberland Cty.). Picarella subsequently entered a negotiated guilty plea to all counts. (Id.) On December 5, 2014, the court sentenced Picarella to an aggregate term of imprisonment of eight (8) to sixteen (16) years, to be served consecutive to his sentence at docket number 565-cr-2008. (Id.)

On December 18, 2014, the Board recommitted Picarella as a convicted parole violator to serve a total of fifty-one (51) months, or his unexpired term, whichever was less, for committing the offenses of possession with intent to deliver a controlled substance, criminal conspiracy, possession of a firearm, criminal use of a communications facility, and possession of drug paraphernalia. (Doc. 36-1 at 24-25). On December 30, 2014, the Board recalculated Picarella's maximum sentence date to June 23, 2017. (Id. at 27).

On June 15, 2016, the Board denied Picarella reparole. (Id. at 29-30). The following factors were invoked by the Board to deny Picarella reparole: (1) his

2

institutional behavior, including reported misconducts; (2) his risk and needs assessment indicating his level of risk to the community; (3) his prior unsatisfactory parole supervision history; (4) reports, evaluations and assessments/level of risk indicates his risk to the community; (5) his lack of remorse for the offense(s) committed; and, (6) the negative recommendation made by the prosecuting attorney. (Id.)

On July 13, 2016, Picarella filed a petition for writ of mandamus with the Commonwealth Court of Pennsylvania challenging the June 15, 2016 parole decision. (Doc. 41 at 4; Doc. 42 at 9; see Picarella v. Board of Probation & Parole, No. 408 MD 2016 (Pa. Commw. Ct. July 13, 2016)). On July 23, 2018, the Commonwealth Court dismissed Picarella's writ of mandamus as moot. (Id.) On appeal, the Pennsylvania Supreme Court affirmed the dismissal as moot. Picarella v. Board of Probation & Parole, 51 MAP 2018, 650 Pa. 656, 201 A.3d 159 (Pa. Jan. 31, 2019).

On June 24, 2017, Picarella served the maximum term of his sentence at docket number 565-cr-2008 and began serving his eight (8) to sixteen (16) year sentence at docket number 472-cr-2013. (Id. at 32-36). His current sentence has a minimum date of May 5, 2023, and a maximum date of May 5, 2031. (Id.)

On March 1, 2019, Picarella filed the instant federal habeas petition.[1] (Doc. 1). Picarella argues that the Board's denial of reparole was random and arbitrary and

---

[1] After respondents filed their response and Picarella filed his traverse, Picarella filed an amended habeas petition. Picarella did not seek leave to amend his petition for writ of habeas corpus. However, the court will grant Picarella leave

3

violates his constitutional rights.  (See Docs. 1, 41-43).  Respondents filed a response seeking dismissal of the petition as untimely, or, alternatively on the merits.  (Docs. 36, 37).  This matter is fully briefed and ripe for disposition.

## II. Discussion

### A. The Petition is Timely

A petition filed under 28 U.S.C. § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

to amend his petition and construe his filing as a supplemental memorandum of law.  (See Docs. 41, 43).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA's one-year statute of limitations in § 2244(d)(1) applies to prisoners who challenge parole determinations in habeas petitions filed in federal court. See McAleese v. Brennan, 483 F.3d 206, 212-213 (3d Cir. 2007).

Here, the Board refused to grant reparole by a decision dated June 15, 2016 decision and mailed on June 30, 2016, making the decision final as of June 30, 2016. (Doc. 36-1 at 29-30); see 37 Pa. Code § 73.1.[2] Picarella failed to file an appeal with the Board within that thirty (30) day time period. Therefore, the one-year statute of limitations expired one year after the Board's decision became final, i.e., June 30, 2017. As such, Picarella's petition filed on March 1, 2019 is patently untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett,

---

[2] 37 Pa Code § 73.1(a) provides, in part, that "[a]ppeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order."

5

531 U.S. 4, 8 (2000). Pennsylvania law does not provide for any state court collateral review of Parole Board decisions; it only allows for a petition for review to the Commonwealth Court. See 42 PA. CONS. STAT. ANN. § 763(a), PA. R. APP. P. 1501(a)(1).

On July 13, 2016, Picarella filed a petition for writ of mandamus with the Commonwealth Court of Pennsylvania. (Doc. 41 at 4; Doc. 42 at 9; see Picarella v. Board of Probation & Parole, No. 408 MD 2016 (Pa. Commw. Ct. July 13, 2016)). On July 23, 2018, the Commonwealth Court dismissed Picarella's writ of mandamus as moot because, as of June 24, 2017, Picarella served the maximum term of his sentence at docket number 565-cr-2008. (Id.) Picarella then filed an appeal to the Pennsylvania Supreme Court. (Id.) On January 31, 2019, the Pennsylvania Supreme Court affirmed the dismissal as moot. Picarella v. Board of Probation & Parole, 51 MAP 2018, 650 Pa. 656, 201 A.3d 159 (Pa. Jan. 31, 2019). The court finds that when Picarella filed his application in state court for a writ of mandamus on July 10, 2016, he successfully tolled the AEDPA's limitations period. The statute remained tolled until the Pennsylvania Supreme Court dismissed the appeal on January 31, 2019. Thus, Picarella's federal habeas petition filed on March 1, 2019 is timely. Because the court finds that Picarella is entitled to statutory tolling, we need not reach the question of whether he is entitled to equitable tolling.

### B. The Petition Fails on the Merits

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1.

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); Coady v. Vaughn, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the court must evaluate whether the Parole Board abused its discretion. In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs; or, (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination. Id. at 236. "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or

7

'deliberately indifferent.'"  Hunterson v. DiSabato, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Here, Picarella challenges the Parole Board's denial of reparole.  On June 15, 2016, the Parole Board filed a Notice of Board Decision, in which they advised Picarella that he was denied reparole for the following reasons:

- Your institutional behavior, including reported misconducts.

- Your risk and needs assessment indicating your level of risk to the community.

- Your prior unsatisfactory parole supervision history.

- Reports, evaluations and assessments/level of risk indicates your risk to the community.

- Your lack of remorse for the offense(s) committed.

- The negative recommendation made by the prosecuting attorney.

(Doc. 43-1 at 69-10 Notice of Board Decision dated July 15, 2016).

The Board further noted that at Picarella's next interview, the Board would review Picarella's file and consider:

- Whether you have maintained a favorable recommendation for parole from the Department of Corrections.

- Whether you have received a clear conduct record.

- Whether you have completed the Department of Corrections prescriptive program(s).

(Id.)

Picarella has not established that the June 15, 2016 denial of reparole amounted to an unreasonable exercise of the Parole Board's discretion.  Rather, it is apparent from the arguments raised in Picarella's filings that he merely disagrees

8

with the criteria the Parole Board relied upon to deny him reparole. (See Doc. 42 at 5-7, 12-16; Doc. 43 at 7-10). However, this challenge to the Parole Board's administrative decisions to deny Picarella parole release is unavailing. See 61 Pa. C.S. § 6137 (granting the Parole Board vast discretion to refuse or deny parole). The record clearly reflects that the Parole Board based its parole determinations on factors that it is statutorily required to consider in accordance with 61 Pa. C.S. § 6135; see McGinnis v. Royster, 410 U.S. 263, 277 (1973) (holding that there is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole"). Under 61 Pa. C.S. § 6135, the Parole Board must evaluate, among other factors: (1) the nature and circumstances of the offense; (2) any recommendations made by the trial judge and prosecuting attorney; (3) the general character and background of the inmate; (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and, (5) the conduct of the person while in prison and his physical, mental and behavioral condition and history and his complete criminal record.

    Picarella has not directed the court to any factor relied upon by the Parole Board that could be described as conscience shocking or deliberately indifferent. The Parole Board appropriately relied on a combination of factors to deny Picarella parole. Picarella chooses to challenge specific nuances of the Board's rationale; hence, he merely disagrees with the Board's conclusions, not the the Board's criteria for evaluation. For example, he acknowledges two previous parole

violations, but disagrees with the Board's description of Picarella's "prior unsatisfactory parole supervision history." (See Doc. 43 at 8). His challenges to the Board's rationale relate to factual disagreements which do not equate to conscience shocking or deliberately indifference giving rise to a substantive due process claim. Therefore, because Picarella has failed to meet his burden of demonstrating that the Parole Board abused its discretion, the court will deny the instant petition for a writ of habeas corpus.

### III.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA. Thus, the court will decline to issue a certificate of appealability, as Picarella has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV.   Conclusion

In accordance with the foregoing, the court will deny Picarella's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER  
Christopher C. Conner  
United States District Judge  
Middle District of Pennsylvania

Dated:        January 20, 2021